UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03-CV-93-H

MAKER'S MARK DISTILLERY, INC.                                    PLAINTIFF

V.

DIAGEO NORTH AMERICA, INC., *et. al.*                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on cross motions by Plaintiff Maker's Mark Distillery, Inc. ("Maker's Mark"), and Defendants Tequila Cuervo La Rojena S.A. de C.V., Casa Cuervo S.A. de C.V., Jose Cuervo International, Inc. (collectively "Cuervo" or "Cuervo Defendants") for an award of costs under Federal Rule of Civil Procedure 54(d). Both Maker's Mark and the Cuervo Defendants have filed objections to the other's Bill of Costs. Maker's Mark originally brought this action alleging that the Cuervo Defendants and distributor Diageo North America, Inc. ("Diageo"),[1] violated various federal trademark and common laws when they produced and distributed a bottle of tequila capped with a red dripping wax seal similar to the one used by Maker's Mark. The Court held a six-day bench trial in November 2009 and issued a Memorandum Opinion deciding the case on April 2, 2010. For the reasons set forth below, the Court will deny the Cuervo Defendants' motion, will sustain in part and deny in part Marker's Mark's motion and will award Maker's Mark $66,749.21 in costs.

---

[1] Diageo did not file a Bill of Costs, but did join in with the Cuervo Defendants in objecting to Maker's Mark's Bill of Costs.

**I.**

At trial, Maker's Mark alleged that Defendants' use of a red dripping wax seal constituted (1) federal trademark infringement, 15 U.S.C. § 1114(a) *et seq.*; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) dilution, 15 U.S.C. 1125(c); and (4) Kentucky common law trademark infringement and unfair competition. Defendants counter-claimed for cancellation of Plaintiff's trademark on the theories that it was generic or functional. The predominant issues in the case were Maker's Mark's claims for federal trademark infringement and dilution and Cuervo's counterclaim for cancellation of the trademark. Ultimately, the Court ruled against Cuervo on its counterclaim and found for Maker's Mark on infringement but not dilution. The Court declined to award damages, but did issue an injunction in favor of Maker's Mark prohibiting Cuervo and Diageo from "using red dripping wax on the cap of a bottle in the sale, offering for sale, distribution or advertising of Cuervo tequila products at any locality within the United States." Cuervo had ceased use of the trademark several years before the Court's opinion, but indicated at trial that it wished to resume use of the red dripping wax.

Based on the Court's Memorandum Opinion deciding the case, Maker's Mark asserted that it was a "prevailing party" under Rule 54(d) and filed a Bill of Costs requesting the Court award it $72,670.44. The Cuervo Defendants also claimed prevailing party status and filed a Bill of Costs for $104,8476.50. Both sides objected to the other's costs.

**II.**

Federal Rule of Civil Procedure 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." The definition of "prevailing party" has evolved over time. In 2001, the United States Supreme Court in *Buckhannon v. W. Virginia Dep't Health*,

overruled the then-prevailing "catalyst theory" – which said that a plaintiff was a prevailing party if his lawsuit was the catalyst for voluntary actions taken by the defendant – and held that for a party to be a prevailing party there had to be a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. 598, 603-605 (2001). The Sixth Circuit has since said that a party can be the "prevailing party" under Rule 54(d), even if it is only partially successful. *Andretti v. Borla Performance Industries, Inc.,* 426 F.3d 824, 835 (6th Cir. 2005) (citing *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265-66 (6th Cir. 1988)). Furthermore, a party prevails "when he receives 'at least some relief on the merits of his claim,' even nominal damages." *Andretti,* 426 F.3d 835 (citing *Buckhannon*, 532 U.S. at 603).

Thus, the question is whether the Court's April 2010 opinion created a "judicially sanctioned change in the legal relationship of the parties," such that Maker's Mark prevailed. As noted above, the Court decided the trademark infringement claim in favor of Maker's Mark. Though that decision did not create an immediate change in Defendants' behavior – Cuervo had ceased use of the trademark early in the litigation – the Court's corresponding injunction still changed the legal relationship of the parties by preventing Cuervo from resuming use of the mark.[2] The injunction also prohibited Cuervo from using the red dripping wax seal on any bottle of tequila sold in the U.S. and prevented distributor Diageo from distributing such a bottle.

In addition to the trademark infringement claim, Maker's Mark also successfully defended against Cuervo's efforts to invalidate a trademark Maker's has held for 35 years. This too, was a significant win. While it is true that Maker's Mark failed to prove trademark dilution

---

[2] At trial, Casa Cuervo CEO Juan Domingo Beckmann suggested that he would resume use of the seal if Cuervo prevailed in the litigation.

and offered scant convincing evidence on the issue of damages, its success on two of the main issues in the case make it a prevailing party. Because there is no compelling reason to depart from Rule 54(d)'s standard procedure of awarding the prevailing party its costs, the Court will award costs to Maker's Mark and deny Cuervo's motion for costs.[3]

### III.

Cuervo also argues that, even if Maker's Mark is a "prevailing party," language in the Court's April 2010 opinion indicating that its decision on infringement was "a close call" and that the case presented "difficult factual and legal issues" supports denying costs to Maker's Mark. The Sixth Circuit has held that a district court may refuse to award costs to a prevailing party when "it would be inequitable under all the circumstances in the case" to do so. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (emphasis omitted). The *White & White* court went on to say that a trial judge does not abuse his discretion to deny a prevailing party costs: 1) when the party's expenditures are unreasonably large, 2) when the prevailing party prolonged the litigation or injected unmeritorious issues, 3) in cases that are close and difficult, or 4) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant. *Id.* (citations omitted). Though some of the issues presented in this case were indeed close and difficult, the Court does not deem it appropriate to deny Plaintiff costs where, as here, it prevailed on several significant issues and

---

[3] Absent unusual circumstances, Rule 54(d) does not provide for an award of costs to a non-prevailing party. See *Zackaroff*, 862 F.2d at 1266 ("Although trial courts are afforded considerable discretion in taxing costs under the rule, where there is no reason or there is insufficient reason given by the trial court for its departure from the normal practice of awarding costs to the prevailing party, an appellate court may vacate the trial court's order denying costs."); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991) ("A trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs. The judge cannot, however, order the prevailing party to share, or shoulder all of, the costs of the nonprevailing party unless the costs serve as a sanction.").

clearly sustained more than a hollow win. An award of costs is appropriate.

**IV.**

Defendants object to Plaintiff's specific costs on several grounds. Their most frequent challenge is that many of Maker's Mark's expenses should be reduced by one-half or two-thirds because Maker's Mark only prevailed on one of the three main issues in the case.[4] The Court rejects this argument for two reasons. First, it mischaracterizes the primary claims in the case by ignoring Maker's Mark's significant victory on the issue of the validity of its trademark. Second, it fails to recognize that nearly all of the evidence relevant to the claim of dilution, on which Plaintiff lost, was also relevant to the issue of infringement – one of the main issues in the case and an issue on which Plaintiff prevailed. Thus, notwithstanding the failure to prove damages and dilution, Maker's Mark claimed significant wins in this case. The evidence presented and costs incurred were largely related to those wins. For these reasons, the Court has decided that apportionment of costs is unnecessary. As such, the Court will reject all of Defendants' requests to reduce Maker's Mark's expenses by two-thirds or one-half based on its three-main-issues-in-the-case argument.

Defendants also object to the following:

- **Plaintiff's request for $140.00 for service of summons on "Jose Cuervo, et al (3/30/07) – Keating & Walker."** Defendants object on the ground that Plaintiff did not attach a copy of the invoice.

The Court will allow this cost. Plaintiff's attorneys are respected members of the bar and the Court deems it appropriate to allow them to collect costs reasonably incurred in serving a

---

[4] Defendants assert that the main issues were infringement, dilution and damages.

summons, even in the absence of an invoice.

- **Plaintiff's request to recover transcript and translation costs related to the deposition of Antonio Silva.** Defendants oppose this cost because Plaintiff was not awarded damages.

Though Plaintiff fell well short of convincing the Court to award damages, the Court will allow costs related to damages. As noted above, the Court does not deem apportionment of costs necessary in this case, especially since no unusual circumstances, such as bad faith or undue delay, were present.

- **Plaintiff's request for costs ($55.80 and $38.70) associated with two telephonic conferences.** Defendants oppose this cost because Maker's Mark did not explain why the transcripts were necessary.

The Court finds that the costs related to transcripts of telephonic conferences are reasonable, and will allow them.

- **Plaintiff's request for $1,434.25 related to translation services for documents that it asserts were used at trial.** Defendants argue that some of the documents ($190 + $1,054.24) were not used at trial, and that others ($190) were not needed at trial.

Plaintiff does not address Defendants' assertion that some of the documents translated were not used at trial. The Court cannot determine whether translations of the documents listed in invoices from October 13, 2009 ($190.00) and October 27, 2009 ($1,054.25) were used at trial or were otherwise necessary. As such, the Court will deny $1,244.25 of these costs. The additional $190 in translation costs – which Defendants apparently do not dispute were used at

trial but merely argue were unnecessary – are permissible.

- **Plaintiff's requests related to Fed. R. Civ. P 26(b)(4)(C)[5] costs associated with depositions Defendants took of Plaintiff's expert witnesses.** Cuervo objects to the expenses on several grounds, including that the bills: 1) wrongly charge for airline, transportation and hotel costs, 2) are improperly documented and 3) are excessive. Maker's Mark does not address Cuervo's arguments that the costs are improperly documented or excessive, but it does asserts that the transportation costs were necessary because Cuervo insisted that some of the experts come to New York, where Cuervo's counsel was located.

The Court will allow the properly documented expenses for depositions and related travel and thus will grant Ryan's ($2,652.30) and Guihan's ($3,854.92) costs in their entirety. However, the Court considers it manifestly unjust to require Defendants to pay the bills submitted by Krista Holt ($3,549.00) and Susan Schwartz McDonald ($3,300). Holt's invoice, for 10 hours of work, does not differentiate between actual deposition time and preparation time. McDonald's invoice does not match the amount requested by Plaintiff and is unreliably vague. Because the Court cannot determine, based on Holt's and McDonald's invoices, whether their fees are appropriate or even what they are for, it will award only half of the requested amount for each expert. Holt's cost is therefore reduced to $1,774.50, and McDonald's is reduced to

---

[5] Federal Rule of Civil Procedure 26(b)(4)(C) reads:

(C) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and
(ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

$1,650.

- **Some of Plaintiff's witness fees under 28 U.S.C. § 1821.** Defendants argue that expert Susan McDonald's bills for "Car Service" are excessive.

The Court agrees. McDonald includes two bills for car service that exceed $600 ($648.80 + $603.68 = $1,252.48), in addition to her other more moderate car service and cab bills. These expenses are unusual and, because they are unexplained, unreasonable. The Court will exclude them from Maker's Mark's claimed costs.

For the above reasons, the Court finds that Maker's Mark is entitled to $66,749.21 in costs. That number reflects Maker's Mark's requested $72,670.44, less the Car Service expenses ($1,252.48), less half of Holt's claimed deposition costs ($1,774.50), less half of McDonald's claimed deposition costs ($1,650), less translation costs for documents arguably not used at trial ($1,244.25). Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Cuervo Defendants' motion for costs is DENIED.

IT IS FURTHER ORDERED that Maker's Mark's motion for costs is SUSTAINED in part and DENIED in part. The Court awards Maker's Mark $66,749.21 in costs.

This is a final and appealable order.

cc: Counsel of Record